1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         EASTERN DISTRICT OF CALIFORNIA

8

9   DEWITT NUNERY, an individual, on
    behalf of himself and all others similarly
10  situated and aggrieved,                          No.: 2:20-cv-00311-TLN-AC

11                Plaintiff,

12                                                   **ORDER GRANTING PLAINTIFF'S**
                                                     **MOTION FOR REMAND**
13          v.

14  SIEMENS MOBILITY, INC., a
    Delaware Corporation, ACARA
15  SOLUTIONS, INC., a New York
    Corporation, ALERON GROUP, INC., a
16  New York Corp, and Does 1 to 100,
    inclusive,
17                Defendant,

18

19

20          This matter is before the Court on Plaintiff Dewitt Nunery's ("Plaintiff") Motion to

21  Remand.  (ECF No. 7.)  Defendant Siemens Mobility Inc. ("Defendant") opposed the motion.

22  (ECF No. 10.)  Plaintiff replied.  (ECF No. 13.)  For reasons set forth below, the Court GRANTS

23  Plaintiff's motion to remand.

24  ///

25  ///

26  ///

27  ///

28

1        **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2            Defendant employed Plaintiff and other individuals as hourly nonexempt warehouse

3    employees in California.  (ECF No. 5-1 at 3.)  On December 23, 2019, Plaintiff filed this putative

4    class action in Sacramento County Superior Court and asserted the following claims: (1) failure to

5    provide meal periods, Cal. Lab. Code §§ 226.7, 512(a), IWC Wage Order No. 9-2001, § 11; (2)

6    failure to provide rest breaks,  Cal. Lab. Code §§ 226.7, 512, and 1194, IWC Wage Order No. 9-

7    2001, § 12; (3) failure to pay minimum wages, Cal. Lab. Code §§ 510, 1194, 1194.2, and 1197,

8    IWC Wage Order No. 9-2001, § 4; (4) failure to pay overtime wages, Cal. Lab. Code §§ 510,

9    1194, IWC Wage Order No. 9-2001, § 3; (5) failure to provide one day's rest in seven, Cal. Lab.

10   Code §§ 551, 552, IWC Wage Order No. 9-2001, § 13; (6) failure to furnish timely and accurate

11   wage statement upon payment of wages, Cal. Lab. Code § 227.3; (7) failure to pay all wages

12   owed upon separation, *id.* §§ 201–203; (8) violations of California's unfair competition law, Cal.

13   Bus. & Prof. Code § 17200; and (9) for civil penalties pursuant to California's Private Attorney

14   General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698.  (*See* ECF No. 5-1 at 14–27, 61.)

15           On February 10, 2020, Defendant removed the case to this Court based on diversity

16   jurisdiction.  (ECF No. 1.)  Defendant filed an amended notice of removal on March 10, 2020.

17   (ECF No. 5.)  Plaintiff filed the instant motion to remand on April 9, 2020.  (ECF No. 7.)

18       **II.      STANDARD OF LAW**

19           The district court has original jurisdiction over civil actions between citizens of different

20   states in which the alleged damages exceed $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting

21   federal jurisdiction bears the burden of proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th

22   Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).

23           The amount in controversy is determined by reference to the complaint itself and includes

24   the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.

25   *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not

26   pray for damages in a specific amount, the defendant must prove by a preponderance of the

27   evidence the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*,

28   116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

1    (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the court may "require

2    parties to submit summary-judgment-type evidence relevant to the amount in controversy at the

3    time of removal."  *Id.*  (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir.

4    1995)).

5           "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

6    first instance."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption

7    against removal jurisdiction means that the defendant always has the burden of establishing that

8    removal is proper, and that the court resolves all ambiguity in favor of remand to state court."

9    *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and internal quotation

10   marks omitted).

11          **III.   ANALYSIS**

12          In the instant motion, Plaintiff does not dispute complete diversity of citizenship.  (ECF

13   No. 7 at 6.)  Instead, Plaintiff moves to remand based on the amount in controversy, arguing

14   Defendant has failed to show by a preponderance of evidence the amount in controversy exceeds

15   $75,000.  (*Id.* at 7.)  In opposition, Defendant argues the amount in controversy easily exceeds

16   $75,000 based on Plaintiff's individual claims as alleged in the complaint.  (ECF No. 10 at 13.)

17   Defendant's summarizes its calculations for each of Plaintiff's claims as follows: (1) failure to

18   pay overtime wages — $41,949.51; (2) failure to pay minimum wages — $11,840.57; (3) failure

19   to provide meal breaks and failure to provide rest breaks — $16,779.81; (4) failure to provide

20   accurate itemized wage statements — $2,950; and (5) PAGA penalties — $5,900, for a total of

21   $80,414.51.[1]  (*Id.* at 16–21.)  As will be discussed, Defendant fails to meet its burden as to

22   Plaintiff's overtime claim, which accounts for the bulk of the amount in controversy.  Because

23   Defendant cannot meet the threshold $75,000 without the overtime claim, the Court need not and

24   does not address the remaining claims.

25   ────────────────

    [1]     Defendant also argues Plaintiff "could incur $245,550 in attorneys' fees." (ECF No. 10 at
26   23.)  Defendant did not assign a value to attorneys' fees in its amended notice of removal (ECF
     No. 5 at 10) nor does it provide sufficient evidence to support the $245,550 estimate raised for the
27   first time in its opposition.  Defendant relies solely on four unrelated state court actions and
     assertions from Plaintiff's request for attorneys' fees specific to the motion to remand, which the
28   Court denies herein.  (ECF No. 10 at 23.)

                                                    3

1    In its notice of removal, Defendant arrives at a total of $44,199 for Plaintiff's overtime

2    claims using the following formula: Plaintiff's hourly rate of $16.37 x 1.5 x 10 hours of unpaid

3    overtime a week x total number of workweeks between September 1, 2016 and February 10,

4    2020. (ECF No. 5 at 8.) Defendant reduces this total to $41,949.51 in its opposition using a

5    newly provided hourly rate from Plaintiff's motion to remand. (ECF No. 10 at 15–16.)

6    Defendant's estimate is based solely on the allegations in the complaint. (*Id.* at 13–15.) More

7    specifically, Defendant emphasizes that Plaintiff alleges he and other employees spent "one-half

8    hour to an hour" working off the clock each shift and off-the-clock time was never subsequently

9    added or compensated. (*Id.* at 14.) Plaintiff also alleges Defendants mandated off-the-clock work

10   before and after clocking in for shifts and did not provide minimum wages or overtime pay for

11   that time. (*Id.*) Lastly, Defendant points to Plaintiff's allegation that these unpaid off-the-clock

12   working periods are part of Defendant's "uniform policy and practice." (*Id.* at 14–15.)

13   For his part, Plaintiff points out that Defendant fails to provide any actual summary

14   judgment-type evidence to demonstrate the amount of controversy exceeds the jurisdictional

15   minimum. (ECF No. 7 at 15; ECF No. 13 at 7.) Plaintiff also argues Defendant incorrectly

16   assumes Plaintiff allege Defendant *never* paid overtime. (ECF No. 7 at 15.) Plaintiff argues

17   although the complaint does allege Defendant failed to pay Plaintiff overtime, the complaint does

18   not say that this failure to pay was for all hours, most hours, or anything close to what Defendant

19   assumes — 10 hours every workweek. (*Id.* at 16.) Moreover, Plaintiff's counsel submits a

20   declaration summarizing the total overtime Defendant has already paid Plaintiff based on his

21   wage statements, which indicates Defendants have paid Plaintiff a total of $25,899.03 in

22   overtime. (ECF No. 7-1 at 5.) Plaintiff argues the maximum amount of unpaid overtime at issue

23   is $1,566.72 based on applying a $15.36 unweighted average hourly rate x 1.5 x 2 hours per

24   workweek x 34 workweeks. (ECF No. 13 at 8.) Put simply, Plaintiff argues Defendant's

25   estimate is unsupported by any evidence, based on unreasonable assumptions from the complaint,

26   and fails to subtract the considerable amount of overtime already paid.

27   Because Plaintiff challenges Defendant's estimate, Defendant bears the burden to

28   establish jurisdiction by a preponderance of the evidence. *Dart Cherokee Basin Operating Co.,*

4

1  *LLC v. Owens*, 574 U.S. 81, 87–88 (2014); *see also Ibarra v. Manheim Invs.*, 775 F.3d 1193,

2  1197 (2015).  Defendant must present "more than a plausible case to show it satisfies the

3  jurisdictional prerequisite."  *Hender v. Am. Directions Workforce LLC*, No. 2:19-cv-01951-KJM-

4  DMC, 2020 WL 5959908 at *2 (E.D. Cal. Oct. 7, 2020).  Defendant does not provide the Court

5  with *any* evidence in opposition and instead relies entirely on Plaintiff's vague allegations.  As

6  such, Defendant has not met its burden.  Notably, although the Court only addressed amount in

7  controversy for Plaintiff's overtime claim in this Order, Defendant's failure to provide any

8  evidence whatsoever is also fatal to Defendant's arguments as to Plaintiff's other claims.

9       Accordingly, the Court finds Defendant has not shown by a preponderance of the

10  evidence that the amount in controversy exceeds $75,000.  Each party shall bear its own fees and

11  costs associated with this motion.

12  **IV.    CONCLUSION**

13       For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Remand.

14  (ECF No. 7.)  This case is REMANDED to Sacramento County Superior Court.

15       IT IS SO ORDERED.

16  Dated:  September 20, 2021

17

18

19  _____

20  Troy L. Nunley
   United States District Judge

21

22

23

24

25

26

27

28